UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA A. DEMELLO<br><br>           Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security Administration,<br><br>           Defendant.<br>_____/ | No. C-06-4711 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Motion for Summary Judgment** |

       Plaintiff Cynthia A. Demello seeks judicial review, pursuant to 42 U.S.C. section 405(g), of the Commissioner of Social Security's finding that plaintiff is not due benefits for her alleged incapacity to work. Now before the court are plaintiff's appeal of that decision and her motion for summary judgment and defendant's motion to remand.. This action was deemed submitted on the papers. Having considered the parties' submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

I.      Factual History

       Plaintiff was severely injured on July 21, 2002 while cleaning her hot tub. Thereafter, plaintiff began walking with a cane or walker and was taking various prescription medications,

including Vicodin, anti-inflammatory medication, Paxil and Valium. She continued working for the Sheriff's Department for about a month after her fall before seeing a nurse practitioner at Kaiser Permanente, who suggested that she take time off of work. Plaintiff returned to work and worked half-days in January 2003. However, due to her medical issues, she was only able to continue working until February 2003.

On July 2, 2003, after numerous medical evaluations, plaintiff underwent lower back surgery. Medical records indicate that plaintiff continued to suffer chronic lower back pain several months after the surgery. In March 2004 plaintiff was granted disability retirement from the Alameda County Sheriff's Department. On December 2, 2004 plaintiff underwent a total left knee replacement. Afterwards, medical records indicate that plaintiff's knee pain persisted through at least January 2, 2006.

In an evaluation dated January 31, 2006, Dr. Wilcox of Kaiser Permanente Physical Medicine and Rehabilitation found that plaintiff could not stand or sit for more than ten minutes at a time.[2] Plaintiff's treating physician Dr. Lim-Young confirmed in a letter dated March 30, 2006 that plaintiff was unable to stand or sit long enough to maintain employment and the failed back surgery left her permanently disabled. Additionally, plaintiff must lie down for a significant portion of the afternoon and evening and is awakened by pain between ten and twenty times per night.

II.     Procedural History

Plaintiff originally filed for social security benefits on September 25, 2003, and her request was subsequently denied. That decision became final when the Appeals Council declined to review a denial by the Administrative Law Judge ("ALJ") on June 30, 2006. Plaintiff timely filed for review of the Social Security Administration's ("SSA") proceedings with this court.

Before the ALJ, plaintiff testified to the facts described above. The testimony of plaintiff's domestic partner, Sharon Tamala, corroborated that of plaintiff. Tamala added that she had lived with plaintiff for over twenty years and that plaintiff had been forced to significantly curtail her physical activities after suffering the injuries at issue. Tamala further testified that the injuries and

2

resulting pain have seriously altered hers and plaintiff's lifestyles. The parties agree that the ALJ discounted plaintiff's testimony without specific, cogent reasons elucidated for doing so. Additionally, the ALJ simply failed to consider Tamala's testimony in his denial of plaintiff's request for benefits.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. Id.; Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

The moving party may "move with or without supporting affidavits for a summary judgment in the party's favor upon all [claims] or any part thereof." Fed. R. Civ. P. 56(a). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the

resulting pain have seriously altered hers and plaintiff's lifestyles. The parties agree that the ALJ discounted plaintiff's testimony without specific, cogent reasons elucidated for doing so. Additionally, the ALJ simply failed to consider Tamala's testimony in his denial of plaintiff's request for benefits.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. Id.; Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

The moving party may "move with or without supporting affidavits for a summary judgment in the party's favor upon all [claims] or any part thereof." Fed. R. Civ. P. 56(a). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the

matters stated therein." Fed. R. Civ. P. 56(e).

DISCUSSION

In the context of social security hearings, failure to provide specific, cogent reasons for discounting a witness' testimony is reversible error. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005); Lewis v. Apfel, 236 F.3d 503, 510–11 (9th Cir. 2001). Such improperly discounted evidence is "credited as a matter of law." Moses v. Barnhart, 33 Fed. Appx. 888, 890 (9th Cir. 2002) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). This court has discretion to remand such a case for either further development of the record or to remand for an award of benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Remanding for an award of benefits is proper where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find that claimant disabled were such evidence credited." Id.; see also Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004); Schneider v. Commissioner, 223 F.3d 968, 976 (9th Cir. 2000). Put simply, "We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292.

The parties agree that the ALJ committed legal error in rejecting plaintiff's testimony without supplying specific, cogent reasons for discrediting the evidence. Plaintiff urges the court to credit that evidence as a matter of law. Plaintiff further argues that crediting this testimony leaves no issue for further determination by the ALJ.

Both parties acknowledge the inconsistency in the ALJ's finding that plaintiff's residual functional capacity is extremely limited but that she remains capable of performing her past relevant work. However, the parties differ on how the court should reconcile these mutually exclusive findings. Plaintiff would have the court affirm the ALJ's finding regarding plaintiff's limited residual function capacity. Plaintiff also asks the court to reverse the ALJ's finding that she can perform her past relevant work due to an absence of substantial evidence in support thereof. Doing

4

so would lead to plaintiff's preferred remedy: remand to the ALJ with orders to calculate the benefits that plaintiff is due. Defendant, however, asks the court to remand to the ALJ for further evaluation of plaintiff's residual functional capacity.

Absent specific, cogent reasons for discounting them, both the testimony of plaintiff and her domestic partner are credited as a matter of law. See Moses, 33 Fed. Appx. at 890; Lester, 81 F.3d at 834. That being so, there is no issue left for further adjudication. The evidence, including the testimonies of plaintiff and Tamala, unequivocally establishes plaintiff's difficulties engaging in even the slightest physical exertion. Even viewing plaintiff's extreme physical limitations in the light most favorable to defendant, there is no question that plaintiff is entirely incapable of performing her past relevant work. Defendant, rather than rebutting these facts, asks the court for the opportunity to do so at further hearings before the ALJ. The court is confident that further proceedings would serve no useful purpose.

CONCLUSION

Accordingly, plaintiff's motion for summary judgment is GRANTED, defendant's motion to remand is GRANTED in part and DENIED in part, and this case is remanded for the calculation and award of benefits.

IT IS SO ORDERED.

Date: August 30, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

5

**ENDNOTES**

1. All facts are taken from Pl.'s Mot., unless otherwise indicated.

2. The court notes that plaintiff testified that she can sit for twenty minutes at a time, somewhat contradicting the letter from her physician. However, this difference is negligible in that, whether capable of sitting for ten or twenty minutes at a time, the result is clear: plaintiff's ability to work is severely impacted.